1

2              IN THE UNITED STATES DISTRICT COURT

3            FOR THE EASTERN DISTRICT OF CALIFORNIA

4

5    WILLIE JONES,

6              Plaintiff,                    CV F 04 5326 OWW WMW P

7         vs.                               FINDINGS AND RECOMMENDATIONS

8

9    SATF, et al.,

10             Defendants.

11

12        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

13   § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.

14   § 636(b)(1).

15        This action proceeds on the May 12, 2005, third amended complaint.[1]   Plaintiff is an

16   inmate in the custody of the California Department of Corrections at the Substance Abuse

17   Treatment Facility at Corcoran (SATF).  Plaintiff brings this lawsuit against the following

18   defendants: Corcoran State Prison (SATF); Warden of SATF;  Medical Technical Assistant

19   (MTA) Dulay, and Doe defendants.  The claims in this lawsuit stem from an injury suffered by

20   plaintiff on September 16, 2002.

21        Plaintiff is a wheelchair-bound inmate, diagnosed with polio and severe atrophy of both

22   legs.  On September 16, 2002, while taking a shower in the "special handicap shower,"plaintiff

23

24        [1] On April 19, 2004, the original complaint was dismissed with leave to amend.   On
25   September 10, 2004, the first amended complaint was dismissed. On March 31, 2005, the second
     amended complaint was dismissed with leave to amend. The third amended complaint on which this
26   action proceeds was filed in response to the March 31, 2005, order.

1

1   fell and suffered injury to his lower back.  Plaintiff alleges that the bench in the shower broke,

2   and as a result he fell, suffering injury.   Plaintiff's specific allegations are that the Housing Unit

3   Officer failed to keep the shower in good working order by monitoring the condition of the

4   shower.  Plaintiff also alleges that medical staff in general failed to provide him with proper

5   medical care.

6        Plaintiff alleges that after he fell, hewas lying on the  shower floor screaming out in pain.

7   MTA Dulay was summoned.  MTA Dulay and the housing unit officers transported plaintiff to

8   the medical clinic in his wheelchair.   Plaintiff alleges that although Dulay did transport him to

9   the medical clinic, he did not receive immediate treatment.  Plaintiff alleges that he did not see a

10  physician until the next day.   Plaintiff contends that "The MTA denied plaintiff medical

11  treatment by not doing what was necessary to bet Plaintiff to the doctor to whom would be able

12  to provide treatment for the sustained injury."   Plaintiff alleges generally that the unit officers

13  "knew or should have known that their lack of monitoring the safety conditions of the shower

14  could or would lead to the injury of plaintiff.   In the third amended complaint, plaintiff restates

15  generally the allegations of the original complaint, first amended complaint and the second

16  amended complaint.

17       To warrant relief under the Civil Rights Act, a plaintiff must allege and show that

18  defendant's acts or omissions caused the deprivation of his constitutionally protected rights.

19  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993).    In order to state a claim under § 1983, a

20  plaintiff must allege that: (1) a person was acting under color of state law at the time the

21  complained of act was committed; and (2) that person's conduct deprived plaintiff of rights,

22  privileges or immunities secured by the Constitution or laws of the United States.  Paratt

23  v.Taylor, 451 U.S. 527, 535 (1981).

24       The statute plainly requires that there be an actual connection or link between the actions

25  of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v.

26

1  Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The

2  Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional

3  right, within the meaning of section 1983, if he does an affirmative act, participates in another's

4  affirmative acts or omits to perform an act which he is legally required to do that causes the

5  deprivation of which the complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.

6  1978).

7       Here, plaintiff fails to name a particular individual or allege facts indicating that

8  the particular individual engaged in conduct that deprived plaintiff of a protected interest.

9  Plaintiff does name "Housing Unit Officers." but fails to identify who they are.   Further, as

10  noted below, plaintiff fails to identify any conduct by anyone that amounted to deliberate

11  indifference.

12                                   Deliberate Indifference

13       The Eighth Amendment provides that "cruel and unusual punishment [shall not be]

14  inflicted."  "An Eighth Amendment claim that a prison official has deprived inmates of humane

15  conditions of confinement must meet two requirements, one objective and the other subjective."

16  Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir.) cert. denied, 514 U.S. 1065, (1995).

17            The objective requirement is met if the prison official's acts or omissions

18  deprived a prisoner of "the minimal civilized measure of life's necessities.'" Id. (quoting Farmer

19  v. Brennan, 511 U.S. 825, 834 (1994)).  To satisfy the subjective prong, a plaintiff must show

20  more than mere inadvertence or negligence.  Neither negligence nor gross negligence will

21  constitute deliberate indifference.  Farmer, 511 U.S. at 833, & n. 4; Estelle v. Gamble, 429 U.S.

22  97, 106 (1976).  The Farmer court concluded that "subjective recklessness as used in the

23  criminal law is a familiar and workable standard that is consistent with the Cruel and Unusual

24  Punishments Clause" and adopted this as the test for deliberate indifference under the Eighth

25  Amendment.  Farmer, 511 U.S. at 839-40.

26

1    Here, plaintiff alleges, at most, negligence.  There are no facts indicating that a particular

2    individual knew of a serious harm to plaintiff's safety, and disregarded that harm.   The facts

3    alleged by plaintiff indicate that Dulay responded to the call for help, and transported plaintiff to

4    the medical clinic.   Plaintiff does not allege that he was refused any treatment, or that Dulay

5    disregarded a serious risk to plaintiff's health, resulting in injury to plaintiff.   An allegation that

6    the treatment received was not ideal, or "consistent with the level of pain," does not state a claim

7    for deliberate indifference.   Plaintiff must specifically allege conduct that indicates deliberate

8    indifference on the part of MTA Dulay.  Plaintiff has failed to do so.

9    As to the the Housing Unit Officers failed to keep the shower in good working order.

10   Such allegations fail to state a claim for deliberate indifference, as that term is defined above.

11   Plaintiff must allege facts that satisfy both elements of the deliberate indifference test.

12                                    Medical Care

13   Under the Eighth Amendment, the government has an obligation to provide medical care

14   to those who are incarcerated.  See Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000).  "In

15   order to violate the Eighth Amendment proscription against cruel and unusual punishment, there

16   must be a 'deliberate indifference to serious medical needs of prisoners.'"  Id.  (quoting Estelle v.

17   Gamble, 429 U.S. 97. 104 (1976)).  Lopez takes a two-prong approach to evaluating whether

18   medical care, or lack thereof, rises to the level of "deliberate indifference."  First, a court must

19   examine whether the plaintiff's medical needs were serious.  See Id.  Second, a court must

20   determine whether "officials intentionally interfered with [the plaintiff's] medical treatment."

21   Id. at 1132.

22   Here, plaintiff fails to identify any particular individual, and fails to allege any facts that

23   suggest deliberate indifference.  The complaint alleges, at most, that plaintiff was not provided

24   with proper medical care.  That allegation is insufficient, of itself, to state a claim for relief.

25   The court finds the allegations in plaintiff's insufficient to state a claim for relief. The

26

1   court has determined that the complaint does not contain a short and plain statement as required

2   by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a

3   complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones

4   v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at

5   least some degree of particularity overt acts which defendants engaged in that support plaintiff's

6   claim.  Id.

7           In the orders dismissing the complaint and subsequent amended complaints, Plaintiff was

8   advised that he had failed to state a claim upon which relief could be granted.  Because Plaintiff

9   has not stated a claim for relief in the third amended complaint, the court recommends dismissal

10  of the claims made in the third amended complaint with prejudice for failure to state a federal

11  claim upon which the court could grant relief.  See Noll v. Carlson, 809 F. 2d 1446, 1448 (9th

12  Cir. 1987) (prisoner must be given notice of deficiencies and opportunity to amend prior to

13  dismissing for failure to state a claim).

14          Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for

15  failure to state a claim upon which relief can be granted.

16          These findings and recommendations are submitted to the United States District

17  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b)(1)(B).  Within

18  twenty days after being served with these findings and recommendations, plaintiff may file

19  written objections with the court.  Such a document should be captioned "Objections to

20  Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file

21  objections within the specified time waives all objections to the judge's findings of fact.  See

22  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).  Failure to file objections within the

23  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

24  F.2d 1153 (9th Cir. 1991).

25  IT IS SO ORDERED.

26

1    **Dated:    September 19, 2006**              **/s/  William M. Wunderlich**
     mmkd34                                      UNITED STATES MAGISTRATE JUDGE

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26